

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ❙ Chicago ❙ Philadelphia

September 28, 2015

<u>**Via ECF & FedEx**</u>

Honorable Jose L. Linares, U.S.D.J.
United States District Court for the
  District of New Jersey
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street
Newark, NJ  07101

      **Re:**   *Peterson et al v. Volkswagen Group of America, Inc. et al*
             Civil Action No. 15-cv-07110 (JLL)(JAD)

Dear Judge Linares,

    We represent plaintiffs, Steve Peterson, Alex Puetz, Steven Owens, and Hana von Oiste in an action they filed on September 25, 2015 against Volkswagen Group of America, Inc. and Volkswagen AG ("VW"). We write regarding the Order to Show Cause filed by counsel in the DeFiesta, et al, action, Civ. Action No. 15-7012(JLL)(JAD), where plaintiffs' counsel sought, among other things, the appointment of James E. Cecchi as interim lead class counsel. [Docket no. 4] That application has been superseded by a letter dated September 25, 2015 from Mr. Cecchi, seeking postponement of much, but not all, of the relief sought in the Order to Show Cause until October 20, 2015. [Docket no. 10] However, attached to the letter is a proposed Order seeking appointment of Mr. Cecchi and Christopher A. Seeger as Interim Co-Liaison Counsel.  The purpose of our letter is to advocate for an orderly and efficient process by which proposals for discovery, preservation and competing interim class counsel motions could be considered by the Court.  Part and parcel to that process is our request that the Court defer ruling on such an appointment of counsel in order to enable us, or other interested counsel, sufficient time to present competing applications.

    As Your Honor is aware, scores of cases have been filed across the country pertaining to the gaming of VW's diesel emissions testing.  In this District alone, at least 12 cases have been filed since September 21, 2015.

    The Manual for Complex Litigation Fourth guides counsel and the court in a scenario similar to this one.  The Manual, at Sec. 21.273 captioned *Procedures for Appointment*, states in pertinent part:

543942.6

LITE DEPALMA GREENBERG

Honorable Jose L. Linares, U.S.D.J.
September 28, 2015
Page 2

> If only one lawyer seeks appointment as class counsel, or if the parties agree who should be class counsel or lead class counsel, the application is generally submitted as pert of the certification motion.  If competing applications are likely, a reasonable period after commencement of the action should be allowed for attorneys to file class counsel applications.  Competing applications are likely where more that one class action has been filed…

Here, there will be other applications filed, ours being at least one of them.  Consistent with the Manual, we respectfully request that the Court allow a reasonable period of time for us to bring that motion.

There are other equally compelling reasons establishing that a hearing to determine appointment of interim class counsel is premature.  First, the first filed case is only one week old, having been filed on September 21, 2015. Second, there will doubtlessly be MDL applications made, either by plaintiffs or by defendants.  Third, there is no prejudice to the putative classes if sufficient time is afforded the parties to enable the court to rule on a complete record.  While jockeying early sometimes enables an applicant to argue that "first filed" should be considered as a factor in determining who should be appointed as interim counsel, rarely- if ever- is the race to the court determinative of anything important, especially where the cases are filed only days apart.

Respectfully,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

JJD:cd

cc:   Hon. Joseph A. Dickson, U.S.M.J (via ECF and FedEx)
      All Counsel of Record (via ECF)

543942.6